Joseph CONIGLIO et ux., Appellants,

v.

DALLAS DRAPERY SHOPS, INC., Appellee.

No. 20171.

Court of Civil Appeals of Texas, Dallas.

Jan. 24, 1980.

Paul J. Chitwood, Dallas, for appellants.

Hollye C. Fisk, Victor C. McCrea, Jr. & Co., Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

Dallas Drapery Shops, Inc. sued Joseph Coniglio and wife for a balance alleged to be due on a written contract for making and installing draperies. The Coniglios counterclaimed for damages under the Home Solicitation Act, Tex.Rev.Civ.Stat. Ann. arts. 5069–13.01 to 5069–13.06 (Vernon Supp. 1979), alleging that Dallas Drapery failed to give them notice of their right to rescind the contract, as required by the Act for a "home solicitation transaction." The trial court rendered judgment for Dallas Drapery, based on a jury verdict which included a finding that the transaction was not a "home solicitation transaction," as defined in the Act. The Coniglios contend on this appeal that the transaction was a "home solicitation transaction" as a matter of law. We hold that it was not a "home solicitation transaction" because the Coniglios did not deliver the signed contract to the representative of Dallas Drapery at their residence.

The facts are undisputed. The Coniglios saw a newspaper advertisement by Dallas Drapery and, by a telephone call to the number shown, requested that a representative be sent to visit with Mrs. Coniglio about the draperies she desired for her new home. In response to this request, an agent of Dallas Drapery called on Mrs. Coniglio at her home, showed her samples of materials, measured the windows, and prepared a written contract, which was left with Mrs. Coniglio for consideration. The agent did not advise her that she would have any period of time in which the contract could be rescinded or give her any written notice to that effect. Subsequently, the Coniglios mailed to Dallas Drapery the executed contract, together with their check for part payment of the agreed price. The Coniglios never were in Dallas Drapery's place of business before the contract was signed. Dallas Drapery made and installed the draperies, but they were not satisfactory to the Coniglios, who refused further payment. This litigation followed.

The question for our decision is whether this transaction falls within the statutory definition in article 5069–13.01(5), which, insofar as pertinent, is as follows:

(5) "Home solicitation transaction" means a consumer transaction:

**428**

(A) for the purchase of goods, . . or services, payable in installments or in cash where the consideration exceeds $25, in which the merchant or person acting for him engages in a personal solicitation of the sale to the consumer at a residence *and the consumer's agreement or offer to purchase is given at the residence to the merchant or person acting for him . .* [emphasis added].

This definition must be interpreted in the light of section 13.02 of the Act, which provides that any written contract pertaining to a "home solicitation transaction" must contain a statement that the buyer "may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction" and further provides that the merchant must leave with the consumer a notice of cancellation for the consumer to sign and mail if he desires to cancel.

■ We conclude that this case is governed by that portion of the statutory definition in article 5069–13.01 which limits the application of the Act to transactions in which "the consumer's agreement or offer to purchase is given at the residence to the merchant or person acting for him." We interpret this language to mean that in a case involving a written contract, the Act applies only if the contract is signed and delivered to the agent at the residence.

■ This interpretation is based on the literal language of article 5069–13.02, and also on the obvious purpose of the statute to give the consumer a period of at least three days after the agent's visit in which to reconsider the transaction and decide whether he desires to purchase the goods or services. No purpose would be served by requiring such a period for reconsideration in a case, such as this, in which the agent prepares a contract at the consumer's residence, but leaves it with the consumer to be signed and mailed, at his pleasure, if he decides to accept it. Consequently, we hold that the transaction in question was not a "home solicitation transaction," as defined in section 5069–13.01(5).

Affirmed.